IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **AMIR GOLESTAN,** <br> **MICFO, LLC** | Crim. No. 2:19-CR-00441-RMG <br><br> **Government's Notice of Intent to use Evidence** |

The United States of America, through its undersigned Assistant United States Attorneys, hereby gives notice to the Defendants pursuant to Federal Rule of Evidence 404(b)(3) of its intent to use the following potential evidence:

> All evidence related to applications from Micfo, LLC to the American Registry of Internet Numbers ("ARIN") for the acquisition of IPv4 blocks that used a "Channel Partner" as justification for the acquisition need.

The primary argument of the government regarding the evidence set forth above is that such evidence is admissible as probative evidence relating to the Defendants' guilt of the counts charged in the Indictment. The evidence set forth above may be admissible as evidence intrinsic to the crimes charged or otherwise admissible pursuant to Rule 404(b).

## BACKGROUND

The Defendants are charged with twenty counts of wire fraud in violation of 18 U.S.C. § 1343 in an Indictment that was filed with this Court on May 14, 2019. ECF No. 2. The details of Defendants scheme to defraud the United States are set forth in detail in the Indictment; however, the pertinent facts for this Notice are that Defendants created and utilized Chanel Partners, which purported to consist of several individual business, to acquire and/or justify the need for IPv4 addresses from ARIN. Specifically, from 2011 to early 2014, in nearly 80% of the requests from

1

Defendants, Channel Partners were used as the justification by Micfo, LLC for the need for additional IPv4 addresses. Once Defendants had obtained the IPv4 addresses, either by using the Channel Partners as justification or as the businesses acquiring, Golestan then would attempt to sell some of the rights for a profit.

I.  **The evidence sought to be introduced is intrinsic to the crimes Defendants are charged with.**

As a threshold matter, the government does not believe the evidence set forth above is subject to Rule 404(b). Instead, it is evidence intrinsic to the Defendants' preparation and execution of the offenses charged in the Indictment. It is well established that intrinsic evidence is not subject to Rule 404(b). *See*, *e.g.*, *United States v. Palacios,* 677 F.3d 234, 245 (4th Cir. 2012) ("The Rule 404(b) inquiry . . . applies only to evidence of other acts that are extrinsic to the one charged.") (quoting *United States v. Basham,* 561 F.3d 302, 326 (4th Cir. 2009); *United States v. Chin*, 83 F.3d 83, 87-88 (4th Cir. 1996) (recognizing general rule that "acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence."). Evidence of a defendant's actions is intrinsic when it is "inextricably intertwined" with the donduct that has been charged. *See Chin*, 83 F.3d at 88; *see also Palacios,* 677 F.3d at 245 ("Evidence of uncharged conduct is not other crimes evidence subject to Rule 404 if the uncharged conduct arose out of the same series of transactions as the charged offense, or if evidence of the uncharged conduct is necessary to complete the story of the crime on trial."). Intrinsic evidence includes evidence that is necessary to "provide context relevant to the criminal charges," *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007), as well as evidence that shows the "preparatory stages" of the crime. *United States v. Kennedy*, 32 F.3d 876, 885-86 (4th Cir. 1994); *see also United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (evidence providing context is intrinsic to the crime).

The evidence that Defendants used the Channel Partners as justification for IPv4 addresses requested by Micfo, LLC is intrinsic to the scheme to defraud charged in the Indictment because it is no "inextricably intertwined" with the conduct that Defendants are charged with. *See Chin*, 83 F.3d at 88. Defendants not only made false statements to ARIN when they used the non-existent Channel Partners to acquire IPv4 addresses, but they used those same non-existent Channel Partners as justification for Micfo, LLC's need for IPv4 addresses. The use of the Channel Partners as justification is part of the pattern of fraud Defendants participated that is intrinsic to the crimes charged in the Indictment.

II. **Should the evidence not be deemed intrinsic evidence, the government gives notice that it intends to introduce it pursuant to Rule 404(b)(2).**

Although the government believes that the evidence sought to be introduced is intrinsic to the Defendants' offenses and, therefore, not covered under Rule 404(b), it hereby provides notice pursuant to Rule 404(b)(3) that it will present the evidence to show the Defendants' intent, preparation, plan, and knowledge. Rule 404(b) is a rule of inclusion. *United States v. Lespier*, 725 F.3d 437, 448 (4th Cir. 2013); *see United States v. Van Metre*, 150 F.3d 339, 349 (4th Cir. 1998) (noting that the Rule's list of allowable purposes is "illustrative, rather than exclusive"). As the Fourth Circuit has long maintained, the Rule's inclusive nature militates toward "'admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition.'" *Lespier*, 725 F.3d at 448 (quoting *United States v. Rooks*, 596 F.3d 204, 211 (4th Cir. 2010)); *see, e.g.*, *United States v. Masters*, 622 F.2d 83, 85 (4th Cir. 1980).

The Fourth Circuit Court of Appeals has established a four-part test for determining the admissibility of evidence of other bad acts under Rule 404(b). *United States v. Penniegraft*, 641 F.3d 566, 574 (4th Cir. 2011). The evidence "must be (1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; (3)

reliable, and (4) the probative value of the evidence must not be substantially outweighed by its prejudicial effect." *Id.* (quoting *United States v. Hodge*, 354 F.3d 305, 312 (4th Cir. 2004)). The district court is to look at the degree of nexus between the prior act and the charged crime in determining its admissibility. *United States v. Robinson*, 2011 WL 6009839, *8 (4th Cir. 2011) (citing *United States v. Johnson*, 617 F.3d 286, 297 (4th Cir. 2010)). Generally, the prior act and the charged conduct should be related in one or more of the following: "time, manner, place, or pattern of conduct." *Johnson*, 617 F.3d at 297.

First, the evidence sought to be introduced is relevant to Defendants' intent, preparation, plan, and knowledge and, therefore, is relevant to an issue other than character. *See* Fed. R. Evid. 404(b). The evidence is essentially the first step in Defendants' scheme and establishes a pattern of conduct. *See Johnson*, 617 F.3d at 297. Before using the fictitious Channel Partners to acquire IPv4 addresses, Defendants used them as justification to acquire IPv4 addresses. The evidence will also establish the Defendants intent, preparation, and plan to deprive ARIN of its exclusive right to direct and oversee the distribution and use of IP addresses.

Second, the evidence sought to be introduced is necessary to prove the elements of wire fraud. *See* 18 U.S.C. § 1343. To successfully prove wire fraud, the government must show

1. That the Defendants devised or intended to devise a scheme to defraud or for obtaining money or property by means of false of fraudulent pretenses, representations, or promises that were material; and

2. That for the purposes of executing the scheme, the Defendants transmitted or caused to be transmitted by means or wire, radio, or television communication in interstate or foreign commerce any writings, signs, signals, pictures or sounds.

*See* Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina (2020). In this Rule 404(b) context, the requirement of necessity is a low threshold standard. Necessity is established where the evidence addresses an essential part of the crimes on trial as opposed to a

4

"purely collateral matter." *United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991); *see also United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997) ("The act must be necessary in the sense that it is probative of an essential claim or an element of the offense."). The evidence sought to be introduced is an essential part of the crimes on trial. As set forth above, it is the first step in the Defendants' scheme and provides background and context on the elaborate nature of the Defendants' intent to defraud ARIN by creating and using fictitious individuals to acquire and justify IP addresses.

Third the evidence is reliable. John Sweeting with ARIN will testify under oath and be subject to cross-examination regarding these transactions, and show that they are a part of ARIN's regularly kept records. *See United States v. Gray*, 405 F.3d 227, 239 (4th Cir. 2005). Finally, the probative value of the evidence is not substantially outweighed by any prejudicial effect. The "mere fact that the evidence will damage the defendant's case is not enough. The evidence must be unfairly prejudicial, and the unfair prejudice must substantially outweigh the probative value of the evidence." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006) (quoting *United States v. Hammoud*, 381 F.3d 316, 341 (4th Cir. 2004)). Here, the evidence establishes the steps Defendants took to utilize the Channel Partners to defraud and its probative value is not outweighed by any unfair prejudice.

## CONCLUSION

This notice is intended only to provide notice of the general nature of the evidence the government intends to introduce as intrinsic to the crimes charges and/or pursuant to Rule 404(b). Counsel for the Defendants may contact the undersigned Assistant United States Attorneys if there is any question concerning the nature and use of such evidence. The United States reserves the right to amend this notice.

Respectfully submitted,

M. RHETT DEHART
ACTING UNITED STATES ATTORNEY

BY:     *s/Amy Bower*
NATHAN S. WILLIAMS (ID#10400)
AMY F. BOWER (ID#11784)
Assistant United States Attorneys
151 Meeting Street, Suite 200
Charleston, SC 29401
843-727-4381

October 29, 2021

Charleston, South Carolina