# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Case No.: 2:19-cr-0441-1-RMG |
| vs. ) | |
| ) | **ORDER** |
| Amir Golestan and MICFO, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court is Defendants' motion for three additional peremptory challenges. (Dkt. No. 72.)

Defendant Golestan, who is charged with twenty counts of wire fraud, anticipates that the jury pool could be unfairly biased against him in light of his apparent Middle Eastern descent. (The Court notes that there is no reason to anticipate that Golestan will make the jury pool aware that he was born in Iran and raised in Dubai.) He therefore seeks three additional peremptory challenges to strike any veniremen that he senses may be racist or xenophobic as to Middle Eastern individuals. The Government does not object, but requests that the Court also give it two additional challenges. The Court declines to give any party additional challenges.

In a felony case, the Government has six peremptory challenges and the Defendants have ten. Fed. R. Crim. Pro. 24(b)(2). "Peremptory challenges are 'auxiliary' to the Sixth Amendment right to an impartial jury; they are not themselves constitutionally guaranteed." *United States v. Stanley*, 94 Fed. Appx. 984, 986 (4th Cir. 2004) (quoting *United States v. Martinez-Salazar*, 528 U.S. 304, 311 (2000)). The "inability of a defendant to 'make maximum strategic use of their peremptory challenges' does not invalidate a district court's method of exercising peremptories." *Id.* (quoting *United States v. Delgado*, 350 F.3d 520, 524 (6th Cir. 2003)). Rule 24 may be violated where the defendant's challenge percentage—the ratio of challenges between the

1

parties—is altered from that contemplated by the Rule. *See United States v. Wilson*, 355 F.3d 358, 363 (5th Cir. 2003) (relying on a defendant's challenge percentage to determine whether Rule 24 was violated); *United States v. Ricks*, 802 F.2d 731, 733 (4th Cir. 1986) (noting that peremptory challenges become less effective when the venire number increases). With that in mind—and in light of the fact that Golestan, who lives and works in the Charleston area, has identified no particular reason to anticipate that he has been or would be the target of racism or xenophobia from a jury pool pulled from Charleston and the surrounding areas—Defendants' request is denied.

For the foregoing reasons, Defendants' motion for three additional peremptory challenges (Dkt. No. 72) is **DENIED.**

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 29, 2021
Charleston, South Carolina