IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Crim. No. 2:19-CR-00441-RMG |
| v. | |
| **AMIR GOLESTAN,** **MICFO, LLC** | **Government's Notice Pursuant To Fed. R. Crim. P 16(a)(1)(G) Concerning Expert Witnesses** |

The United States of America, by and through its undersigned Assistant United States Attorneys, files this Supplemental Notice of Expert Witness pursuant to Rule 16 (a)(1)(G) of the Federal Rules of Criminal Procedure.[1] The following written summary sets forth a summary of expected expert testimony for the expert witness the government intends to present in its case-in-chief at trial, describes the witness's opinion, the bases and the reasons for those opinions, and the expert witness's qualifications. As envisioned by the Rule, the government sets forth information designed to "minimize surprise that often results from unexpected testimony…and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *United States v. Smith*, 701 F.3d 1002 (4th Cir. 2012) (quoting Fed. R. Crim. P. 16(a)(1)(G) Advisory Comm. Note to the 1993 amendment). Should Defendants need further clarification of any of the below summaries, or need additional information, the government will provide such information upon request.

**1. John Sweeting, Chief Customer Officer, American Registry of Internet Numbers ("ARIN"); Former Elected Chairman of the ARIN Advisory Council.**

ARIN Chief Customer Officer John Sweeting will testify both as a fact witness for ARIN and as an expert. As it relates to Sweeting's expert testimony, Sweeting will testify to his

---

[1.] The government has previously discussed its intent to call this expert witness with defense counsel.

background, which includes 24 years with the United States Army, and his past specialization in crypto technology and IP networks. He will describe how in 1996 he left the Army and started working with Internet MCI, where he managed IP addresses and worked closely with ARIN staff. He will further describe how he worked with various internet companies between 2001 and 2016, and during that time he volunteered to serve on and was elected to the ARIN Advisory Council ("AC") for multiple terms. The ARIN AC represents the relevant internet community and reviews policy recommendations. Sweeting will testify that, in 2009, he was elected by his peers to become Chairman of the ARIN AC and served in that capacity through the end of 2014.

In 2016, Sweeting became a full-time ARIN employee when he was named Senior Director of Registration Services, and he is currently the ARIN Chief Customer Officer. In Sweeting's current capacity, he is involved in the creation of records at ARIN and has access to records at ARIN. He will testify that he has access to ARIN records that are kept in the ordinary course of business at ARIN, and that are created by individuals with knowledge of the events depicted in the records, which are created close in time with the particular events depicted. He will testify that he is familiar with ARIN records that are kept in the ordinary course of business and that they are part of the regular practice of ARIN.

Sweeting will testify as a fact witness, and records custodian, to the activities of Defendants with ARIN. This includes, but may not be limited to, Defendants' applications for IP addresses, associated paperwork included with those applications or requests, communications between ARIN and Defendants or related parties, allocations of IP addresses to various "Channel Partners" owned or controlled by Defendants, as well as allocations of IP resources to Micfo, and transfers of IP resources to and from Micfo, both attempted and failed, and between various entities related to Micfo. He will also testify as to representations made my Micfo, various Micfo Channel Partners,

and how it was determined that Micfo Channel Partners used false identities to obtain IP resources from ARIN.

As it relates to Sweeting's testimony regarding IPv4, Sweeting will testify regarding the history of IPv4, how IPv4 functions, IPv4 scarcity, and how a secondary market exists for the rights to IPv4 resources. He will describe how the rights to IPv4 resources are brokered or sold by third parties and what the market value of the rights to these resources might be at given times as well as the factors that might affect these values. He will describe the limitations on individuals and companies obtaining IPv4 resources from ARIN and the requirements that must be met to obtain the rights to such resources under ARIN's policies. He will describe how Micfo initially was allowed to obtain IPv4 rights through ARIN but was eventually prohibited from obtaining additional requested resources, the analysis underlying this decision, and the communications from defendants and channel partners surrounding this decision. He will describe how several Channel Partner companies obtained from ARIN rights to IPv4 resources, and that—at the time of each Channel Partner request and ARIN approval—ARIN was not aware that these Channel Partners were actually Golestan and/or Micfo. He will describe that, had ARIN been aware of these misrepresentations, ARIN would not have allocated the requested IP resources to Micfo or any respective Channel Partner. He will state that had ARIN known false representations were being made in the requests for IP resources using any false representation by either Micfo or a Channel Partner, ARIN would have denied the IP resource request. He will testify how ARIN was made aware of the false Channel Partner representations, and once ARIN was made aware of this scheme, ARIN stopped all pending applications or transfers of Micfo or Channel Partner transactions, including specific transfers scheduled from Defendants to Saudi Telecom in Saudi Arabia.

Sweeting will testify to the underlying documentation that was included with each Micfo and Channel Partner transaction with ARIN into evidence, including statements made by Defendants both in their actual capacity as well as made while posing as Channel Partner aliases. Sweeting will enter into evidence exhibits reflecting these transactions and statements. He will testify that the conduct of Defendants intentionally violated ARIN's policies, was unusual in its scope and egregiousness, and was an elaborate scheme of deception that is uncommon among the community and within ARIN. He will testify that the Defendants' conduct was not normal, was not business as usual, and was not standard in the industry. Sweeting will testify that while there may be some other bad actors in addition to Defendants that also attempt to obtain resources in violation of ARIN's policies, the scope of defendants' conduct remains unusual, egregious, and improper. Finally, Sweeting will testify to the harms to ARIN and the Internet community caused by false representations, how others in the community were affected by Defendants' conduct, and how such unauthorized use is not approved by ARIN.

John Sweeting has extensive experience and training that qualifies him as an expert in the area of IP Address Allocation and Policy. A copy of his CV reflecting his qualifications will be provided to the defense when this notice is filed.

Respectfully submitted,

M. RHETT DEHART
ACTING UNITED STATES ATTORNEY

BY: *s/Nathan Williams*
NATHAN S. WILLIAMS (ID#10400)
AMY F. BOWER (ID#11784)
Assistant United States Attorneys
151 Meeting Street, Suite 200
Charleston, SC 29401
843-727-4381

November 1, 2021

Charleston, South Carolina