# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

United States of America              )
                                      )          Case No.: 2:19-cr-0441-RMG
    vs.                           )
                                      )          **ORDER**
Amir Golestan and MICFO, LLC,         )
                                      )
    Defendants.                   )
_____ )

Before the Court is the Defendant's notice of waiver of the right to a jury trial.

Rule 23 of the Federal Rules of Criminal Procedure provides: "If the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." Fed. R. Crim. P. 23(a). The Sixth Amendment requires that a defendant's waiver of the right to a jury trial be made knowingly, voluntarily, and intelligently. *See United States v. Hameed*, 474 Fed.Appx. 371 (4th Cir. 2012). A written waiver is "presumptively valid." *United States v. Boynes*, 515 F.3d 284, 288 (4th Cir. 2008); *see also United States v. Khan*, 461 F.3d 477, 492 (4th Cir. 2006) (noting that written waiver may be valid where signed by counsel and not defendant). "[A]n in-court colloquy to determine voluntariness of the waiver is good practice, but it is not required by the Constitution or Rule 23(a)." *Khan*, 461 F.3d at 492 (internal quotation marks omitted). It is within the district court's discretion to approve a defendant's waiver of the right to a jury trial. *See United States v. Van Metre*, 150 F.3d 339, 353 (4th Cir. 1998).

Here, Defendant Amir Golestan filed a written jury trial waiver that bears his signature. (Dkt. No. 85.) The Government consented in writing to the waiver. (Dkt. No. 86.) The Court conducted a hearing on November 3, 2021. At the hearing, the Defendant reviewed the written waiver and affirmed under oath that the signature is his own, that he had ample opportunity to

confer with his counsel regarding the waiver, and that he has in fact consulted with counsel and considered counsel's advice on the matter.  The Defendant further affirmed that, as the sole member of Defendant Micfo, LLC, he has authority to make decisions and communicate on the corporation's behalf.

The Court finds that Defendant's waiver of the right to a jury trial is made knowingly, intelligently, and voluntarily.  Therefore, pursuant to Rule 23, the Court hereby **approves** the Defendant's waiver of the right to a jury trial.  The case will be tried to the Court without a jury.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 4, 2021
Charleston, South Carolina