**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| United States of America, )<br>                             )<br>       vs.                  )<br>                             )<br>Amir Golestan,            )<br>                             )<br>           Defendant.  )<br>                             ) | No. 2:19-cr-00441-RMG<br><br>**ORDER** |

       This matter comes before the Court on the issue of the revocation of Defendant's bond pursuant to 18 U.S.C. § 3143(a). The Court conducted a hearing on this matter on July 22, 2022 and heard from Defendant as well as defense and government counsel.

       By way of background, Defendant was indicted on 20 counts of wire fraud by the federal grand jury on May 14, 2019. (Dkt. No. 1). A magistrate judge granted his request for bond, which was set at $500,000 unsecured. (Dkt. No. 15). Trial was commenced in this matter on November 15, 2021. In the midst of trial, on November 16, 2021, Defendant advised the Court that he wished to plead guilty to all 20 counts without a plea agreement. (Dkt. No. 105). At that time, Defendant's bond was modified to provide for home detention, GPS monitoring, and surrender of his passport. (Dkt. No. 106).

       Since the modification of Defendant's bond on November 16, 2021, significant developments have occurred. Defendant was sentenced to 10 months of incarceration for contempt by a family court judge presiding over his divorce proceedings. Thereafter, Probation issued a Presentence Report which calculated Defendant's sentencing guidelines at 15-21 months of incarceration. (Dkt. No. 121). The Court subsequently gave Defendant notice that it was considering an upward variance from his sentencing guidelines. (Dkt. No. 132). Further, the Court

1

was advised by Probation that Defendant had failed to provide his probation officer an address where he will reside upon release from state custody on July 24, 2022 despite multiple requests he do so.

The Court was informed at the July 22, 2022 hearing that Defendant had arranged to reside temporarily in a local motel upon his release from state custody on July 24, 2022 and would move into an apartment rented by his mother after she arrived from Dubai on July 27, 2022. Defendant noted that he had appeared at every court proceeding and was allowed, prior to his conviction, to travel overseas and had returned to the United States on each occasion. Further, Defendant stated that he had surrendered his passport.

The granting of bond to a defendant who has pled guilty and is awaiting sentencing requires a showing of clear and convincing evidence that he is not likely to flee. 18 U.S.C. § 3143(a). Based upon the developments since Defendant's guilty plea, including his state contempt conviction, the issuance of a Presentence Report calculating a guideline sentence of 16-21 months, and a notice of a possible upward variance, the Court has determined it can no longer find by clear and convincing evidence that Defendant will not likely flee. Consequently, the Court revokes Defendant's bond and remands him upon his release from state detention to the custody of the United States Marshal pending sentencing.

Additionally, the Court has reconsidered its earlier decision granting Defendant's motion for a continuance of his sentence for sixty days. (Dkt. No. 134). The Court has rescheduled the Defendant's sentencing hearing for July 28, 2022 at 1:00 p.m.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>Richard Mark Gergel<br>United States District Judge

July 22, 2022
Charleston, South Carolina