" ARIN SETTLEMENT AGREEMENT "



## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement" or "Agreement") is made and entered into as of April 30, 2019 (the "Effective Date"), by and between the American Registry for Internet Numbers, Ltd. ("ARIN") and Claimants OppoBox, LLC ("OppoBox"), Univera Network, LLC ("Univera Network"), Roya Hosting, LLC ("Roya Hosting"), Virtuzo, LLC ("Virtuzo"), Contina Communications, LLC ("Contina"), Fiber Galaxy, LLC ("Fiber Galaxy"), Telentia, LLC ("Telentia"), Border Technology, LLC ("Border Technology"), and Fairway Network, Inc. ("Fairway Network") (collectively, "Claimants" or "Channel Partners"), and Micfo, LLC ("Micfo") (collectively, the "Parties").

## RECITALS

**WHEREAS**, the Claimants filed an arbitration claim against ARIN with the American Arbitration Association ("AAA"), AAA case number 01-18-0004-6782, and ARIN filed counterclaims against the Claimants in the arbitration; and

**WHEREAS**, the Parties now desire to resolve the arbitration.

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements herein, and other good and valuable consideration the receipt and the sufficiency of which are acknowledged, the Parties hereby agree as follows:

1.    The Parties agree that as early as the Effective Date of this Agreement, ARIN will revoke from the Channel Partners four "/17s," equivalent to 131,072 IPv4 addresses, that were included in a withdrawn transfer request (ARIN 20181019-X228786) between OppoBox and Saudi Telecom. In addition, ARIN will immediately revoke one "/15" and one "/17," equivalent to 163,840 IPv4 addresses, that were part of the withdrawn transfer request (ARIN 20181019-X228326) between Micfo and Saudi Telecom.

2.    The Parties agree that within 180 days of the Effective Date of this Agreement, the Channel Partners may transfer to Micfo any of their IPv6 address blocks being utilized as of April 1, 2019. Within ten days of the Effective Date, ARIN will revoke all IPv6 addresses not routed before April 1, 2019. The Channel Partners shall bear the burden of proving the routing and utilization of the IPv6 addresses.

3.    The Parties agree that within 180 days of the Effective Date of this Agreement, the Channel Partners may transfer to Micfo their Autonomous System Numbers ("ASNs"). ARIN will revoke all ASNs not transferred to Micfo within 180 days.

4.    Between Micfo and the Channel Partners, ARIN will immediately revoke a total of approximately 294,912 IPv4 addresses. This accounts for 56% of the Channel Partners' current IPv4 address holdings. (Excel sheet: "Immediate Revoke")

5.    Within 90 days of the Effective Date of this Agreement, ARIN will revoke approximately 114,688 additional IPv4 addresses from the Channel Partners. Within 180 days of the Effective Date, ARIN will revoke all of the remaining approximately 122,880 additional IPv4 addresses from the Channel Partners. These blocks will remain in a "locked" status until revocation.

"Locked status" means Micfo and the Channel Partners will not enter into any leasing or other arrangement regarding the addresses or seek to transfer them pursuant to ARIN policies. Micfo and the Channel Partners may request manual changes to technical services, such as reverse DNS during this time; however, reassignments will not be permitted. (See Excel sheet: 'Future Revoke')

6. At the conclusion of 180 days after the Effective Date of this Agreement, ARIN will have revoked in aggregate 532,480 IPv4 addresses from Micfo and the Channel Partners.

7. ARIN will agree to transfer IPv4 addresses identified under the 'Retain' category to Micfo under applicable policy conditioned on Micfo entering into the most current version of the RSA (Version 12.0) to cover all of Micfo's Internet Number Resources. (See Excel sheet: 'Retain'). Micfo and the Channel Partners are required to pay ARIN all standard fees associated with the resources held by Micfo and the Channel Partners until the Parties' obligations in this Agreement are fulfilled. Upon completion of the transfer of resources from the Channel Partners to Micfo or 180 days after the Effective Date of this Agreement, all subject Channel Partner organizations and corresponding Org IDs will be permanently closed in the ARIN database.

8. Micfo will pay ARIN $350,000 for its legal fees. Micfo will pay $200,000 by wire transfer within two business days of the Arbitrator agreeing to issue the finding and award described in paragraph 9 below, but no sooner than Monday, May 6, 2019. ARIN shall provide wiring instructions to Micfo. The remaining $150,000 will be paid in two increments of $75,000, the first increment due ninety days after the Effective Date of this Agreement, and the second increment due 180 days after the Effective Date. Within ninety days of the Effective Date, Micfo will also pay ARIN for its share of the Arbitrator's fees and costs for April and May 2019, which ARIN will pay to the AAA.

9. Claimants agree to dismiss their arbitration claim with prejudice. Claimants also agree that they will not oppose ARIN's motion for summary judgment on ARIN's counterclaims, the Arbitrator's decision granting ARIN's motion, or the Arbitrator's final award in favor of ARIN. ARIN's unopposed motion for summary judgment on its Counterclaims will be based on ARIN's Answering Statement and the accompanying Witness Statement of Richard Jimmerson dated January 16, 2019, the Parties' Joint Stipulation dated March 14, 2019,[1] and Claimants' counsel's April 23, 2019 email notification to the Arbitrator that Mr. Golestan intends to invoke his Fifth Amendment privilege against self-incrimination at any deposition or hearing in this arbitration (from which Claimants acknowledge the Arbitrator may draw negative inferences regarding Mr. Golestan's refusal to testify). The parties stipulate that while the Claimants agree to not oppose ARIN's motion for summary judgment, neither Claimants, Micfo, Mr. Golestan, nor their employees admit to any fraud or wrongdoing. Claimants agree to not oppose ARIN's draft order and award for the Arbitrator to issue with the following findings: (1) the RSAs between Claimants and ARIN were and are invalid; and (2) regardless of the validity of the RSAs, the Claimants materially breached the RSAs.

---

[1] The Parties' Joint Stipulation dated March 14, 2019, provided, in part: "All of Claimants' officers and employees have been, and continue to be, fictitious persons and aliases of Mr. Amir Golestan. All communications with Claimants' officers and employees have been, and continue to be, communications with Mr. Golestan or other individuals acting under his direction or control. All documents signed by Claimants' officers and employees have been, and continue to be, signed by Mr. Golestan or other individuals acting under his direction or control."

10.    ARIN understands that Micfo seeks a release from ARIN as part of this Settlement Agreement. ARIN notes that Micfo is not a party to the arbitration, and Claimants brought this arbitration on behalf of themselves, not Micfo. Accordingly, ARIN is within its rights to take action against Micfo based on the conduct at issue in this arbitration. However, ARIN agrees not to take action against Micfo based on the facts at issue in the arbitration until the Claimants and Micfo fulfill all of their obligations under this Settlement Agreement. ARIN further agrees that if Claimants and Micfo fulfill their obligations under this Settlement Agreement, ARIN will not take action against Micfo based on the facts disclosed in the arbitration. Should ARIN take action against Micfo, ARIN will have the burden of proof to show that the action is not based on facts known by ARIN prior to the date of the Settlement Agreement.

11.    As part of this Settlement Agreement, Micfo will agree to give ARIN a security interest in the IPv4 addresses listed in sheets 'Retain' and 'Micfo' (total of 224,256 IPv4 addresses) to ARIN – to be used as collateral to secure Micfo's payment plan.

12.    In the event Micfo fails to fulfill any of its payment obligations within the six-month period described in paragraph 8, ARIN will immediately revoke any/all IPv4 addresses referenced in the above paragraphs.

13.    <u>Binding Effect</u>. This Settlement Agreement is final and binding on the Parties, including their heirs, successors, and future assigns.

14.    <u>No Assignment</u>. Each Party acknowledges and agrees that it has not assigned, transferred, conveyed, or encumbered any claim, debt, liability, or obligations released herein.

15.    <u>Compromise</u>. This Settlement Agreement is made in compromise of a dispute. Nothing herein shall be construed or deemed an admission of liability or wrongdoing.

16.    <u>Entire Agreement</u>. This Settlement Agreement contains the entire agreement of the Parties, and supersedes any and all prior negotiations, representations, understandings, and agreements, whether oral or in writing, with respect to the subject matter hereof.

17.    <u>Severability</u>. In the event that any provision of this Settlement Agreement shall at any time contravene, in whole or part, any applicable law, ruling or regulation, then such provision shall remain in effect only to the extent permitted, and the remaining provisions hereof shall remain in full force and effect.

18.    <u>Modification</u>. This Settlement Agreement may not be amended, modified, released, discharged, or otherwise terminated, in whole or part, except by an instrument in writing signed by authorized representatives of the parties hereto.

19.    <u>Construction</u>. This Settlement Agreement was drafted by counsel for the Parties and shall not be construed more strictly against any Party on the ground that it was the drafter.

20.    <u>Governing Law</u>. This Settlement Agreement shall be construed and the legal relations between the Parties shall be determined in accordance with Virginia law.

21.    <u>Waiver</u>.    Each Party acknowledges and agrees that it has had the opportunity to consult with counsel of its choice in deciding whether to enter this Settlement Agreement.

22.    <u>Authority.</u>    Each Party represents and warrants that it is authorized to enter this Settlement Agreement, and that the individuals executing this Agreement on its behalf has the legal authority to do so.

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the Parties have set their hands and seals to this instrument as of the Effective Date above.

**Acceptance by OppoBox, LLC, Univera Network, LLC, Roya Hosting, LLC, Virtuzo, LLC, Contina Communications, LLC, Fiber Galaxy, LLC, Telentia, LLC, Border Technology, LLC, Fairway Network, Inc., and Micfo, LLC**

By: _____    Date: _____

    **Amir Golestan**

*Owner and Chief Executive Officer of Micfo, LLC, and Owner and Sole Manager of OppoBox, LLC, Univera Network, LLC, Roya Hosting, LLC, Virtuzo, LLC, Contina Communications, LLC, Fiber Galaxy, LLC, Telentia, LLC, Border Technology, LLC, and Fairway Network, Inc., and*

By: _____    Date: _____

    **John McElwaine**

    Nelson Mullins Riley & Scarborough LLP

    *Counsel for OppoBox, LLC, Univera Network, LLC, Roya Hosting, LLC, Virtuzo, LLC, Contina Communications, LLC, Fiber Galaxy, LLC, Telentia, LLC, Border Technology, LLC, Fairway Network, Inc., and Micfo, LLC*


**Acceptance by the American Registry for Internet Numbers, Ltd. ("ARIN")**

By: _____    Date: _____

    **Richard Jimmerson**

    *Chief Operating Officer of ARIN*

By: _____    Date: _____

    **Stephen M. Ryan**

    McDermott Will & Emery LLP

    *Counsel for ARIN*

- 5 -

## Immediate Revoke

| IP Block | Entity | # of IPs | Revoke Date |
|---|---|---|---|
| 45.45.128.0/17 | OppoBox | 32,768 | Immediate |
| 45.42.128.0/17 | OppoBox | 32,768 | Immediate |
| 172.82.0.0/17 | OppoBox | 32,768 | Immediate |
| 172.99.128.0/17 | OppoBox | 32,768 | Immediate |
| 107.168.0.0/15 | Micfo | 131,072 | Immediate |
| 23.247.128.0/17 | Micfo | 32,768 | Immediate |

**TOTAL    294,912**

# Future Revoke

| IP Block | Entity | # of IPs | Revoke Date |
|---|---|---|---|
| 104.166.96.0/19 | OppoBox | 8,192 | 90/180 days |
| 104.247.96.0/19 | OppoBox | 8,192 | 90/180 days |
| 104.250.224.0/19 | OppoBox | 8,192 | 90/180 days |
| 172.98.0.0/18 | Telentia | 16,384 | 90/180 days |
| 174.136.192.0/18 | Telentia | 16,384 | 90/180 days |
| 45.41.0.0/18 | OppoBox | 16,384 | 90/180 days |
| 45.41.192.0/18 | OppoBox | 16,384 | 90/180 days |
| 45.59.128.0/18 | OppoBox | 16,384 | 90/180 days |
| 104.167.192.0/18 | OppoBox | 16,384 | 90/180 days |
| 104.224.0.0/18 | OppoBox | 16,384 | 90/180 days |
| 104.249.128.0/18 | OppoBox | 16,384 | 90/180 days |
| 155.254.192.0/18 | OppoBox | 16,384 | 90/180 days |
| 172.110.128.0/18 | OppoBox | 16,384 | 90/180 days |
| 172.111.0.0/18 | OppoBox | 16,384 | 90/180 days |
| 169.197.128.0/18 | Border Technology | 16,384 | 90/180 days |
| 172.81.0.0/18 | Border Technology | 16,384 | 90/180 days |

**TOTAL**     **237,568**     **114,688 within 90 days**
**122,880 within 180 days**

## Retain

| IP Block | Entity | # of IPs |
|---|---|---|
| 107.181.64.0/20 | Contina | 4,096 |
| 167.160.96.0/19 | Contina | 8,192 |
| 209.161.96.0/20 | Telentia | 4,096 |
| 104.128.16.0/20 | Telentia | 4,096 |
| 104.143.192.0/19 | Telentia | 8,192 |
| 104.222.192.0/19 | Telentia | 8,192 |
| 104.247.0.0/19 | Telentia | 8,192 |
| 107.190.160.0/20 | OppoBox | 4,096 |
| 107.182.112.0/20 | OppoBox | 4,096 |
| 104.207.64.0/19 | OppoBox | 8,192 |
| 155.254.96.0/19 | OppoBox | 8,192 |
| 167.88.96.0/20 | Virtuzo | 4,096 |
| 104.128.128.0/20 | Virtuzo | 4,096 |
| 104.156.192.0/19 | Virtuzo | 8,192 |
| 104.222.128.0/19 | Virtuzo | 8,192 |
| 104.143.16.0/20 | Roya | 4,096 |
| 104.237.80.0/20 | Univera Network | 4,096 |
| 45.62.32.0/19 | Univera Network | 8,192 |
| 45.61.32.0/20 | Border Technology | 4,096 |
| 173.44.0.0/19 | Border Technology | 8,192 |
| 172.97.80.0/20 | Fiber Galaxy | 4,096 |
| 206.223.224.0/19 | Fiber Galaxy | 8,192 |
| 172.102.128.0/20 | Queen Systems | 4,096 |
| 209.209.224.0/19 | Queen Systems | 8,192 |
| 172.110.208.0/20 | Fairway Network | 4,096 |
| 207.189.0.0/19 | Fairway Network | 8,192 |

**TOTAL**       **159,744**

## Micfo

| IP Block | Entity | # of IPs |
|---|---|---|
| 199.223.116.0/22 | Micfo | 1,024 |
| 199.189.248.0/21 | Micfo | 2,048 |
| 199.241.120.0/21 | Micfo | 2,048 |
| 192.69.248.0/21 | Micfo | 2,048 |
| 192.200.16.0/20 | Micfo | 4,096 |
| 192.77.240.0/20 | Micfo | 4,096 |
| 192.230.32.0/19 | Micfo | 8,192 |
| 192.171.224.0/19 | Micfo | 8,192 |
| 192.240.192.0/18 | Micfo | 16,384 |
| 192.255.64.0/18 | Micfo | 16,384 |

**TOTAL**          **64,512**