IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | C.A. No. 2:19-441-RMG |
| v. | ) | |
| | ) | **ORDER** |
| Amir Golestan, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is a motion to reconsider its denial of Defendant Golestan's motion to withdraw his guilty plea and to contest an issue in his Presentence Report. (Dkt. No. 184). The Government has filed a memorandum in opposition, asserting that the Defendant Golestan's motion to reconsider is simply a rehash of issues already raised and addressed by the Court in its order on Defendant Golestan's motion to withdraw his guilty plea. (Dkt. No. 186). The Government has also recommended that the Court delay addressing the objection raised by Defendant Golestan to the Presentence Report until the sentencing hearing. (*Id*. at 5, n. 2).

The Federal Rules of Criminal Procedure have no provision for reconsideration of an order in a criminal case, and the Court draws upon the standards for alteration or amendment of an order under Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion is appropriate in three limited circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available to the Court at the time of the decision; or (3) to correct a clear error of law or prevent manifest injustice. *Zinkand v. Brown,* 478 F.3d 634, 637 (4th Cir. 2007) (citations omitted). Courts are reluctant to grant such a motion, because "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins.*

*Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998) (quoting 11 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2801.1, at 124 (2d ed.1995)).

Defendant Golestan's motion to reconsider simply rehashes the arguments already made, considered, and rejected by the Court. There has been no intervening change in the law, new material evidence offered not previously available to the Court, or a clear error or law. Further, reconsideration is plainly not necessary to prevent manifest injustice. The motion for reconsideration (Dkt. No. 184) is **DENIED**.[1]

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 9, 2023
Charleston, South Carolina

---

[1] The Court will review and address any objections to the Presentence Report at sentencing.