IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 2:19-cr-00441-RMG-1,2 |
| | ) | |
| v. | ) | |
| | ) | |
| AMIR GOLESTAN, | ) | |
| MICFO, LLC | ) | |

**PRELIMINARY ORDER OF FORFEITURE**
**AS TO AMIR GOLESTAN AND MICFO, LLC**

This matter is before the court on the motion of the United States for a Preliminary Order

of Forfeiture as to Defendants Amir Golestan and Micfo, LLC, ("Golestan and Micfo",

"Defendant"), based upon the following:

1.     On May 14, 2019, a multi count Indictment ("Indictment") was filed charging

Golestan and Micfo, LLC with twenty counts of wire fraud, in violation of 18 U.S.C. § 1343.

2.     Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture

allegation providing that, upon Golestan and Micfo, LLC's conviction, certain properties

enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United

States.  As specified therein, such assets include, but are not limited to, the following:

A.     Forfeiture Judgment:[1]

    A sum of money equal to all proceeds the Defendants obtained directly or
    indirectly as a result of the offenses charged in this Indictment, in an amount
    to be determined equal to all proceeds derived from the offense, and all
    interest and proceeds traceable thereto as the result of the violations of 18
    U.S.C. §1343.

B.     IP Number Resources:

---

[1] The government is pursuing a judgment against the Amir Golestan and Micfo, LLC.

| IP BLOCK | ENTITY | NUMBER OF IP ADDRESSES |
|---|---|---|
| 104.166.96.0/19 | OppoBox | 8,192 |
| 104.247.96.0/19 | OppoBox | 8,192 |
| 104.250.224.0/19 | OppoBox | 8,192 |
| 172.98.0.0/18 | Telentia | 16,384 |
| 174.136.192.0/18 | Telentia | 16,384 |
| 45.41.0.0/18 | OppoBox | 16,384 |
| 45.41.192.0/18 | OppoBox | 16,384 |
| 45.59.128.0/18 | OppoBox | 16,384 |
| 104.167.192.0/18 | OppoBox | 16,384 |
| 104.224.0.0/18 | OppoBox | 16,384 |
| 104.249.128.0/18 | OppoBox | 16,384 |
| 155.254.192.0/18 | OppoBox | 16,384 |
| 172.110.128.0/18 | OppoBox | 16,384 |
| 172.111.0.0/18 | OppoBox | 16,384 |
| 169.197.128.0/18 | Border Technology | 16,384 |
| 172.81.0.0/18 | Border Technology | 16,384 |
| 107.181.64.0/20 | Contina | 4,096 |
| 167.160.96.0/19 | Contina | 8,192 |
| 209.161.96.0/20 | Telentia | 4,096 |
| 104.128.16.0/20 | Telentia | 4,096 |
| 104.143.192.0/19 | Telentia | 8,192 |
| 104.222.192.0/19 | Telentia | 8,192 |
| 104.247.0.0/19 | Telentia | 8,192 |
| 107.190.160.0/20 | OppoBox | 4,096 |
| 107.182.112.0/20 | OppoBox | 4,096 |
| 104.207.64.0/19 | OppoBox | 8,192 |
| 155.254.96.0/19 | OppoBox | 8,192 |
| 167.88.96.0/20 | Virtuzo | 4,096 |
| 104.128.128.0/20 | Virtuzo | 4,096 |
| 104.156.192.0/19 | Virtuzo | 8,192 |
| 104.222.128.0/19 | Virtuzo | 8,192 |
| 104.143.16.0/20 | Roya | 4,096 |
| 104.237.80.0/20 | Univera Network | 4,096 |
| 45.62.32.0/19 | Univera Network | 8,192 |
| 45.61.32.0/20 | Border Technology | 4,096 |
| 173.44.0.0/19 | Border Technology | 8,192 |
| 172.97.80.0/20 | Fiber Galaxy | 4,096 |
| 206.223.224.0/19 | Fiber Galaxy | 8,192 |
| 172.102.128.0/20 | Queen Systems | 4,096 |
| 209.209.224.0/19 | Queen Systems | 8,192 |
| 172.110.208.0/20 | Fairway Network | 4,096 |

Order, p. 2 of 8

| 207.189.0.0/19 | Fairway Network | 8,192 | |
|---|---|---|---|

2.      On November 16, 2021, Golestan and Micfo, LLC entered pleas of guilty as to Counts 1-20 of the Indictment.

3.      Following Defendants' convictions, the identified victim in this case, ARIN, revoked IP address rights from Defendants. ARIN has held 261,120 IP address rights in reserve pending the sentencing and forfeiture proceedings in this matter.

4.      Based upon Defendants' convictions, the court has determined that the government has established the requisite nexus between the amount of proceeds and the property involved in Defendants' offenses and the violations for which Golestan and Micfo, LLC have been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights. The court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c). Therefore, it is ORDERED that all property, real or personal, which constitutes or is derived from proceeds traceable to Defendants' violations of Title 18, United States Code, Section 1343 are forfeited to the United States and that all property involved in Defendants' violations of Title 18, United States Code, Section 1343 are forfeited to the United States.

5.      The Court further finds that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists with respect to the $3,375,104 in proceeds obtained by Defendants from the completed IP address block sales.

Accordingly, it is hereby **ORDERED,**

1.      The below-described property as designated by ARIN, and all right, title, and interest of the Defendants, Amir Golestan and Micfo, LLC, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the

Order, p. 3 of 8

rights of third parties in such property under 21 U.S.C. § 853(n):

IP Number Resources:

| Net Handle | Org ID | Revoke Date | Network | Prefix | # /24s |
|---|---|---|---|---|---|
| NET-192-240-192-0-1 | MICFO-2 | 11/23/2021 | 192.240.192.0 | 18 | 64 |
| NET-192-255-64-0-1 | MICFO-2 | 11/23/2021 | 192.255.64.0 | 18 | 64 |
| NET-104-143-192-0-1 | MICFO-2 | 11/23/2021 | 104.143.192.0 | 19 | 32 |
| NET-104-156-192-0-1 | MICFO-2 | 11/23/2021 | 104.156.192.0 | 19 | 32 |
| NET-104-207-64-0-1 | MICFO-2 | 11/23/2021 | 104.207.64.0 | 19 | 32 |
| NET-104-222-128-0-1 | MICFO-2 | 11/23/2021 | 104.222.128.0 | 19 | 32 |
| NET-104-222-192-0-1 | MICFO-2 | 11/23/2021 | 104.222.192.0 | 19 | 32 |
| NET-104-247-0-0-1 | MICFO-2 | 11/23/2021 | 104.247.0.0 | 19 | 32 |
| NET-155-254-96-0-1 | MICFO-2 | 11/23/2021 | 155.254.96.0 | 19 | 32 |
| NET-167-160-96-0-1 | MICFO-2 | 11/23/2021 | 167.160.96.0 | 19 | 32 |
| NET-173-44-0-0-1 | MICFO-2 | 11/23/2021 | 173.44.0.0 | 19 | 32 |
| NET-192-171-224-0-1 | MICFO-2 | 11/23/2021 | 192.171.224.0 | 19 | 32 |
| NET-192-230-32-0-1 | MICFO-2 | 11/23/2021 | 192.230.32.0 | 19 | 32 |
| NET-206-223-224-0-1 | MICFO-2 | 11/23/2021 | 206.223.224.0 | 19 | 32 |
| NET-207-189-0-0-1 | MICFO-2 | 11/23/2021 | 207.189.0.0 | 19 | 32 |
| NET-209-209-224-0-1 | MICFO-2 | 11/23/2021 | 209.209.224.0 | 19 | 32 |
| NET-45-62-32-0-1 | MICFO-2 | 11/23/2021 | 45.62.32.0 | 19 | 32 |
| NET-104-128-128-0-1 | MICFO-2 | 11/23/2021 | 104.128.128.0 | 20 | 16 |
| NET-104-128-16-0-1 | MICFO-2 | 11/23/2021 | 104.128.16.0 | 20 | 16 |
| NET-104-143-16-0-1 | MICFO-2 | 11/23/2021 | 104.143.16.0 | 20 | 16 |
| NET-104-237-80-0-1 | MICFO-2 | 11/23/2021 | 104.237.80.0 | 20 | 16 |
| NET-107-181-64-0-1 | MICFO-2 | 11/23/2021 | 107.181.64.0 | 20 | 16 |
| NET-107-182-112-0-1 | MICFO-2 | 11/23/2021 | 107.182.112.0 | 20 | 16 |
| NET-107-190-160-0-1 | MICFO-2 | 11/23/2021 | 107.190.160.0 | 20 | 16 |
| NET-167-88-96-0-1 | MICFO-2 | 11/23/2021 | 167.88.96.0 | 20 | 16 |
| NET-172-102-128-0-1 | MICFO-2 | 11/23/2021 | 172.102.128.0 | 20 | 16 |
| NET-172-110-208-0-1 | MICFO-2 | 11/23/2021 | 172.110.208.0 | 20 | 16 |
| NET-172-97-80-0-1 | MICFO-2 | 11/23/2021 | 172.97.80.0 | 20 | 16 |
| NET-192-200-16-0-1 | MICFO-2 | 11/23/2021 | 192.200.16.0 | 20 | 16 |
| NET-192-77-240-0-1 | MICFO-2 | 11/23/2021 | 192.77.240.0 | 20 | 16 |
| NET-209-161-96-0-1 | MICFO-2 | 11/23/2021 | 209.161.96.0 | 20 | 16 |

| NET-45-61-32-0-1 | MICFO-2 | 11/23/2021 | 45.61.32.0 | 20 | 16 |
|---|---|---|---|---|---|
| NET-135-84-208-0-1 | MICFO-2 | 11/23/2021 | 135.84.208.0 | 21 | 8 |
| NET-144-208-116-0-1 | MICFO-2 | 11/23/2021 | 144.208.116.0 | 21 | 8 |
| NET-165-84-224-0-1 | MICFO-2 | 11/23/2021 | 165.84.224.0 | 21 | 8 |
| NET-192-171-24-0-1 | MICFO-2 | 11/23/2021 | 192.171.24.0 | 21 | 8 |
| NET-192-69-248-0-1 | MICFO-2 | 11/23/2021 | 192.69.248.0 | 21 | 8 |
| NET-198-52-32-0-1 | MICFO-2 | 11/23/2021 | 198.52.32.0 | 21 | 8 |
| NET-199-189-248-0-1 | MICFO-2 | 11/23/2021 | 199.189.248.0 | 21 | 8 |
| NET-199-241-120-0-1 | MICFO-2 | 11/23/2021 | 199.241.120.0 | 21 | 8 |
| NET-204-62-120-0-1 | MICFO-2 | 11/23/2021 | 204.62.120.0 | 21 | 8 |
| NET-205-234-120-0-1 | MICFO-2 | 11/23/2021 | 205.234.120.0 | 21 | 8 |
| NET-207-89-16-0-1 | MICFO-2 | 11/23/2021 | 207.89.16.0 | 21 | 8 |
| NET-216-162-40-0-1 | MICFO-2 | 11/23/2021 | 216.162.40.0 | 21 | 8 |
| NET-31-207-0-0-1 | MICFO-2 | 11/23/2021 | 31.207.0.0 | 21 | 8 |
| NET-66-133-72-0-1 | MICFO-2 | 11/23/2021 | 66.133.72.0 | 21 | 8 |
| NET-66-171-32-0-1 | MICFO-2 | 11/23/2021 | 66.171.32.0 | 21 | 8 |
| NET-69-161-192-0-1 | MICFO-2 | 11/23/2021 | 69.161.192.0 | 21 | 8 |
| NET-72-35-240-0-1 | MICFO-2 | 11/23/2021 | 72.35.240.0 | 21 | 8 |
| NET-146-88-192-0-1 | MICFO-2 | 11/23/2021 | 146.88.192.0 | 22 | 4 |
| NET-148-59-232-0-1 | MICFO-2 | 11/23/2021 | 148.59.232.0 | 22 | 4 |
| NET-192-64-24-0-1 | MICFO-2 | 11/23/2021 | 192.64.24.0 | 22 | 4 |
| NET-199-223-116-0-1 | MICFO-2 | 11/23/2021 | 199.223.116.0 | 22 | 4 |
| NET-206-225-132-0-1 | MICFO-2 | 11/23/2021 | 206.225.132.0 | 22 | 4 |
| NET-64-85-24-0-1 | MICFO-2 | 11/23/2021 | 64.85.24.0 | 22 | 4 |
| NET-203-33-152-0-1 | MICFO-2 | 11/23/2021 | 203.33.152.0 | 23 | 2 |
| NET-208-87-164-0-1 | MICFO-2 | 11/23/2021 | 208.87.164.0 | 23 | 2 |
| NET-213-159-14-0-1 | MICFO-2 | 11/23/2021 | 213.159.14.0 | 23 | 2 |
| NET-24-235-4-0-1 | MICFO-2 | 11/23/2021 | 24.235.4.0 | 23 | 2 |
| NET-198-22-224-0-1 | MICFO-2 | 11/23/2021 | 198.22.224.0 | 24 | 1 |
| NET-209-251-249-0-1 | MICFO-2 | 11/23/2021 | 209.251.249.0 | 24 | 1 |
| NET-216-99-219-0-1 | MICFO-2 | 11/23/2021 | 216.99.219.0 | 24 | 1 |
| NET-52-119-3-0-1 | MICFO-2 | 11/23/2021 | 52.119.3.0 | 24 | 1 |

2.    FORFEITURE IS ENTERED against Defendants Amir Golestan and Micfo, LLC and in favor of the United States for $3,375,104 along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full.

Order, p. 5 of 8

The United States may at any time move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property to satisfy the judgment.

3.    The United States may sell or otherwise dispose of any substitute assets in accordance with the law as required to satisfy the above imposed judgment.

4.    Upon entry of this Order, the Government is further authorized to conduct discovery to identify, locate, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5.    The government is not required to publish notice regarding the judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6.    The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

7.    Upon entry of this Order, the United States is authorized to seize the above-described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

8.    Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21

U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

9.      Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

10.     After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11.     The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

12.     The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13.     Upon entry of the criminal judgment, this Order becomes final as to Defendant and shall be made a part of the sentence and included in the criminal judgment.

14.     The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

_____
RICHARD M. GERGEL
UNITED STATES DISTRICT JUDGE

_____June 6_____, 2022
Charleston, South Carolina